**ZHI BAO ZHENG, aka Zi–Bao Zheng, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 11–1658–ag.

United States Court of Appeals, Second Circuit.

Aug. 2, 2012.

Theodore N. Cox, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Robbin K. Blaya, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge and JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Zhi Bao Zheng, a native and citizen of China, seeks review of an April 7, 2011, BIA decision denying his motion to reopen. *In re Zhi Bao Zheng*, No. A076 505 555 (B.I.A. Apr. 7, 2011). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58, 168–69 (2d Cir.2008).

Zheng's motion to reopen was based on: (1) his fear of persecution on account of the birth of his children in the United States in violation of China's population control program; (2) his former counsel's alleged ineffective assistance; and (3) his practice of Falun Gong.

For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the BIA's determination that Zheng failed to establish either changed country conditions or his *prima facie* eligibility for relief regarding his family planning claim. *See id.* at 158–72. Although the BIA may err in rejecting evidence solely based on a failure to authenticate pursuant to 8 C.F.R. § 1287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005), contrary to Zheng's argument, the BIA did not abuse its discretion in according little weight to his unauthenticated evidence regarding the family planning policy because it had not been authenticated in "any persuasive manner." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Regardless, the evidence was not material because either it did not discuss the use of forced sterilizations in enforcing the family planning policy or it referenced isolated or unattributed reports of forced abortions and sterilizations. *See Jian Hui Shao*, 546 F.3d at 159–65, 169–73.

Additionally, the BIA did not err in declining to toll the applicable time limitation based on Zheng's ineffective assistance of counsel claim because he failed to demonstrate that he exercised due diligence in pursuing that claim. *See Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir.2008) (providing that in order to warrant equitable tolling of the time limitation for filing a motion, even assuming that a movant demonstrated that prior counsel was ineffective, an alien is required to demonstrate that he exercised "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."). In fact, although Zheng stated that he did not learn of the ineffective assistance of his former counsel until he hired an attorney to file his motion to reopen in 2010, he failed to assert that he took any action in his proceedings during the more than seven years between his order of removal and the filing of his motion to reopen. *See id.*

Finally, Zheng does not challenge the BIA's determination that he failed to establish his *prima facie* eligibility for relief based on his practice of Falun Gong in the United States. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (recognizing that failure to offer new, previously unavailable evidence establishing a *prima facie* case for the underlying relief sought is a proper ground

on which the BIA may deny a motion to reopen).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).